UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JESSIE G.,

                        Plaintiff,

v.                                              CASE NO 1:22-cv-00391
                                          (JGW)
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

APPEARANCES:                                    OF COUNSEL:


HILLER COMERFORD INJURY &                       KELLY LAGA-SCIANDRA, ESQ.
DISABILITY LAW                                  KENNETH R. HILLER, ESQ.
  Counsel for Plaintiff                         IDA M. COMERFORD
6000 North Bailey Avenue
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                     REBECCA H. ESTELLE, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II         VICTORIA S. TREANOR, ESQ.
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

        The parties consented in accordance with a standing order to proceed before the

undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).

The matter is presently before the court on the parties' cross-motions for judgment on the

pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of

the administrative record and consideration of the parties' filings, the plaintiff's motion for

judgment on the administrative record is DENIED, the defendant's motion for judgment

on the administrative record is GRANTED, and the decision of the Commissioner is AFFIRMED.

## I.      RELEVANT BACKGROUND

### A.      Factual Background

Plaintiff was born on April 14, 1966, and has at least a high school education. (Tr. 420, 573). Generally, plaintiff's alleged disability consists of diabetes, major disorder, osteoarthritis in the lower back, repetitive stress disorder, and hypertension. (Tr. 572). Her alleged disability onset date is June 5, 2019. (Tr. 568). Her date last insured is December 31, 2024. (Tr. 26).

### B.      Procedural History

On August 26, 2019, plaintiff applied for a period of Supplemental Security Income (SSI) under Title XVI of the Social Security Act and for Disability Insurance Benefits (DIB) under Title II on August 27, 2019. (Tr. 363-404). Plaintiff's applications were denied initially and upon reconsideration (Tr. 302-04), after which she timely requested a hearing before an Administrative Law Judge (ALJ). On December 18, 2020, plaintiff appeared before ALJ Edward Malvey. (Tr. 57-89). On March 26, 2021, ALJ Malvey issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 21-42). On March 25, 2022 the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-4). Thereafter, plaintiff timely sought judicial review in this Court.

### C.      The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2024.

2. The claimant has not engaged in substantial gainful activity since June 5, 2019, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).

3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine; osteoarthritis of the right ankle status post fracture and surgery; carpal tunnel syndrome of the bilateral upper extremities; and obesity (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she cannot climb ladders, ropes, or scaffolds; she can occasionally climb ramps and stairs; occasionally crawl and stoop; frequently balance, kneel, and crouch; and occasionally handle and finger with the bilateral upper extremities.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on April 14, 1966 and was 53 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. The claimant has acquired work skills from past relevant work (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy (20 CFR 404.1569, 404.1569(a), 404.1568(d), 416.969, 416.969(a), and 416.968(d)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 5, 2019, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 21-42)

## II.    THE PARTIES' BRIEFINGS

### A.    Plaintiff's Arguments

Plaintiff makes essentially three arguments in support of her motion for judgment on the pleadings. First, plaintiff argues the ALJ's finding of transferable skills was not supported by vocational evidence. Second, plaintiff contends the ALJ did not resolve a conflict regarding the period of time she worked as a hotel clerk and the related earnings. Lastly, plaintiff argues the ALJ relied on his lay opinion because he did not find any medical opinion persuasive. (Dkt. No. 7 at 1 [Pl.'s Mem. of Law].)

### B.    Defendant's Arguments

Defendant responds to each of plaintiff's arguments. First, defendant argues the ALJ permissibly relied on vocational expert testimony and correctly applied legal principles for making a transferability finding. Second, defendant responds that the ALJ appropriately relied on plaintiff's statements regarding her employment and earnings. Third, defendant asserts the RFC finding did not have to identically track a medical opinion and it was supported by substantial evidence. (Dkt. No. 9 [Def.'s Mem. of Law].)

## III.    RELEVANT LEGAL STANDARD

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986

(2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might

justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs*., 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.    Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

### A. Past Work and Transferable Skills

Plaintiff contends the ALJ's finding of transferable skills from her work as a hotel clerk was harmful error as the vocational expert (VE) testified to aptitudes and not skills. (Dkt. No. 7 at 11). Furthermore, plaintiff subsequently argues the ALJ did not properly determine if the work as a hotel clerk qualified as substantial gainful activity. (Dkt. No. 7 at 16). These issues are without merit.

Addressing the arguments out of order for the ease of discussion, plaintiff concedes she worked at a hotel as a desk clerk and housekeeper between 2009 and

2011 with varied reports and testimony about dates of employment, pay and hours. (Tr. 463, 469, 489, 550, 573, 590, 489). Plaintiff asserts the ALJ should have done more to develop her past relevant work even though she could not readily recall specific dates of employment. (Dkt. No. 7 at 16 *referring to* Tr. 65-66). Further, plaintiff additionally specifies that the ALJ closely scrutinized the work in 2009 and 2010 yet only found the work in 2011 to qualify as past relevant work. (Dkt. No. 7 at 16 *referring to* Tr. 40).

Social Security records show that Plaintiff made $7,623.72 at a hotel in 2011 (Tr. 368-69). Plaintiff testified that she stopped working at the hotel in "springtime" to work at a daycare. (Tr. 65-66). Indeed, evidence shows varied reports of the duration of her employment but plaintiff has not alleged or provided evidence of ever working past July 2011. In documents dated May 9, 2013 to September 12, 2019, she reported leaving the hotel job between December 2010 and July 2011 (Tr. 431, 489, 550, 573, 590). Even assuming she worked into July 2011, she would have earned substantial gainful activity earnings at this job, averaging over $1,000 per month for seven months. *See* POMS DI 10501.15 (B) (substantial gainful activity earnings for 2011 were $1,000 per month). While plaintiff argues the ALJ should have done more to find out when she worked at the hotel, the agency's rules establish that the claimant is the primary source of information about past work and makes contacting other sources entirely discretionary. 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2) ("We will ask you for information about work you have done in the past. We may also ask other people who know about your work"). 20 C.F.R. §§ 404.1565(b), 416.965(b) ("Under certain circumstances, we will ask you about the work you have done in the past. If you cannot give us all of the information we need, we may try, with your permission, to get it from your employer or other person who knows about

your work, such as a member of your family or a co-worker.). Here, the ALJ did not need to seek further information of work termination as all offered dates of possible departure would have been within the range of substantial gainful activity.

In a related argument, plaintiff next contends the ALJ's finding of transferable "skills" was harmful error as the vocational expert testified to aptitudes and not skills. (Dkt. No. 7 at 11). Plaintiff cites the *Webster's Ninth New Collegiate Dictionary* to support, in part, her argument that the testimony by the VE was insufficient according to the definition of the word skill. (Dkt. No. 7 at 13). However, as SSR 82-41 explains, worker traits *are* skills, if they "have been used in connection with a work activity." As examples, the SSR points out that "alertness," "coordination," and "dexterity," are traits, but could become skills if connected to work activities. "It is the acquired capacity to perform the work activities with facility (rather than the traits themselves) that gives rise to potentially transferable skills." SSR 82-41.

Plaintiff reported that she was "responsible for the needs of all the guests," for "making sure that everybody [is] okay," and for "making sure the guests get into their rooms." (Tr. 65, 469, 489). She admitted she used technical knowledge or skills, performed duties like writing and completing reports, acted as a lead worker, and supervised others. (Tr. 469). The VE, with 35 years of relevant professional experience, testified plaintiff had transferable job skills:

> The skills that were acquired as a front desk clerk were customer service, and be able to provide information to people. And the job skills would transfer to a job as an information clerk… An information clerk, the DOT job is sedentary level. The DOT number is 237.367-022. The, the [sic] job is sedentary with an SVP of 4. The job exists in numbers in excess of 150,000 in the national economy.

(Tr. 85-86, see Tr. 517-18).

Consistent with the expert's testimony, the job description for Information Clerk includes duties that directly mirror the duties she described at the hotel, such as "Answers inquiries from persons entering establishment," "Provides information regarding activities conducted at establishment, and location of departments, offices, and employees within organization," and "Provides information concerning services, such as laundry and valet services, in hotel." *See Information Clerk*, DOT no. 237.367-022, 1991 WL 672188.

Accordingly, per SSR 82-41, the record established that plaintiff engaged in customer service and information provision at her hotel job, leading the vocational expert to testify that these skills were "acquired" on the job. Plaintiff's reliance on *Draegert v. Barnhart*, 411 F.3d 468 (2d Cir. 2002), is not persuasive because there the court held that there needed to be a connection between the traits identified and the work activities performed, whereas the VE in this case made that connection. In making the transferability finding, the ALJ permissibly relied on the vocational expert's statements. SSR 82-41. Notably, plaintiff's counsel acknowledged the expert's expertise at the hearing. (Tr. 84, 517-18).

**B. RFC**

Plaintiff next argues the ALJ crafted an RFC based on lay opinion and his reading of complex clinical testing and radiology reports. Plaintiff continues that the RFC is not based on substantial evidence because the ALJ did not find any medical opinion of record persuasive. (Dkt. No. 7 at 18).

The RFC is an assessment of "the most [plaintiff] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ. *Id.* §§ 404.

1527(d)(2), 416.927(d)(2); *see Curry v. Comm'r Soc. Sec.*, 855 F. App'x 46 (2d Cir. 2021) ("An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ, as the Commissioner's regulations make clear."). In general, the ALJ is obligated to formulate plaintiff's RFC based on the record as a whole, not just upon the medical opinions alone. *Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. App'x 75, 79 (2d Cir. 2018). The ALJ is responsible for assessing plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what plaintiff can still do, provided by any medical source. *Id*. §§ 404.1527, 404.1527, 404.1545(a)(3), 404.1546(c), 416.927(d), 416.945(a)(3), 416.946(c). Although the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on plaintiff to demonstrate the existence of functional limitations that preclude any substantial gainful activity. *Id*. §§ 404.1512(c), 404.1527(e)(2), 404.1545(a), 404.1546(c), 416.912(c), 416.927(e)(2), 416.945(a), 416.946(c); *see Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) (ultimately, it is plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ).

In making the RFC determination, ALJ Malvey explained that he considered all of plaintiff's symptoms, and the extent to which those symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. §§ 404.1529 and 416.929 and SSR16-3p. (Tr. 31). The ALJ further stated he fully considered the medical opinions and prior administrative medical findings to the extent allowed. (Tr. 36). As noted by the ALJ, he may not defer or give controlling weight to any medical opinion. 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

Therefore, plaintiff's argument that the ALJ had to rely on a medical opinion to formulate the RFC is unavailing.

The fact that the RFC limitations were not directly supported by medical opinion evidence is also not error. Under the relevant regulations for consideration of medical opinion evidence, the court has repeatedly held that there is no categorical rule that an RFC must identically track a medical opinion. *See, e.g., Niklas K. v. Comm'r of Soc. Sec.*, No. 1:20-cv-799-HKS, 2022 WL 202771, at *6 (W.D.N.Y. Jan. 24, 2022) (interpreting the new regulations and noting that an RFC finding is not fatally flawed absent a medical opinion); *Jeremy H. v. Comm'r of Soc. Sec.*, No. 1:20-cv-1277-WBC, 2021 WL 5180167, at *4 (W.D.N.Y. Nov. 8, 2021) (same). Significantly, the Second Circuit held that "the ALJ's RFC conclusion need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence." *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022).

Contrary to plaintiff's argument, ALJ Malvey did not merely rely on his own assessment of the record, he relied in part on the less restrictive opinions in the medical record and on other substantial evidence. (Tr. 35-36). For instance, the ALJ pointed out that plaintiff's right ankle and lower back pain was treated conservatively with medications, had largely normal findings on examination, and had mild or moderate abnormalities on imaging. (Tr. 35-36, *see, e.g.*, 865-99, 931-32, 992-1014, 1084-1145). As to plaintiff's carpal tunnel syndrome, the ALJ explained that plaintiff had only mild, largely asymptomatic carpal tunnel syndrome on the left, not requiring surgery, and that right-sided carpal tunnel syndrome improved after surgery and physical therapy. (Tr. 36,

*see* Tr. 1000-02 1009-10, 1049). The ALJ also cited plaintiff's independence with activities of daily living, driving and her reports of exercising regularly. (S*ee, e.g.,* 578-97, 869, 872, 996, 1002, 1006, 1009, 1096, 1105, 1111, 1114, 1118, 1121).

As noted by plaintiff, the ALJ found her more limited than the state agency opinions. (Dkt. No. 7 at 19 *referring to* Tr. 36-37). But contrary to plaintiff's argument, an ALJ is permitted to find limitations beyond those in a medical opinion. *See Stefanie F. v. Comm'r of Soc. Sec.,* No. 23-CV-00617-FPG, 2024 WL 2017316, at *4 (W.D.N.Y. May 7, 2024) ("As a general matter, where an ALJ imposes a limitation in [the] RFC that is more restrictive than the relevant medical opinions, there is no error and thus no grounds for remand with respect to that limitation.")(citation and internal quotation marks omitted); *Ramsey v. Comm'r of Soc. Sec.*, 830 F. App'x 37, 39 (2d Cir. 2020) (ALJ did not err in "occasionally deviating from consultative examiners' recommendations to decrease [plaintiff's] RFC based on other evidence in the record."). Here, state agency medical consultants Drs. Brauer and Lawrence found the severe impairments of lumbar degenerative disc disease, right ankle arthritis and carpal tunnel syndrome, but the ALJ also found the severe impairment of obesity. The ALJ identified the limitations, including the restriction to the light exertional range, but identified reasons for finding greater limitations. (Tr. 36-37). The ALJ found their opinions to be less restrictive and less than fully persuasive but clearly identified which portions were not included in the RFC and plaintiff did not identify the opinions nor argue there was any error in the analysis. (Tr. 36). Plaintiff does not argue that the ALJ's consideration of the opinion evidence, including finding the more limiting opinion from a treating provider not persuasive, was improper.

It is evident that the ALJ did not reject all medical opinions in the record as plaintiff alleges but rather the ALJ's decision reflects adequate consideration of the record as a whole. *Tiffany L. v. Comm'r of Soc. Sec.*, No. 1:20-CV-0677 (WBC), 2021 WL 3145694, at *4 (W.D.N.Y. July 26, 2021) ("Here, the ALJ did not draw medical conclusions; instead, and pursuant to his statutory authority, the ALJ considered the medical and other evidence in the record in its totality to reach an RFC determination.") (*citing Curry v. Comm'r of Soc. Sec.*, 855 F. App'x 46, 48 n.3. (2d Cir. 2021)). Remand is therefore not warranted.

**ACCORDINGLY**, it is

    **ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 7) is

        **DENIED**; and it is further

    **ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 9) is

        **GRANTED**.

Dated: October 4, 2024                                        J. Gregory Wehrman
Rochester, New York                                           HON. J. Gregory Wehrman
                                                              United States Magistrate Judge